UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **YALDEZ ABDEL-SAMED,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ING LIFE INSURANCE AND ANNUITY** | : | |
| **COMPANY and ING, FINANCIAL** | : | |
| **PARTNERS, INC.,** | : | |
| **Defendants.** | : | **JUNE 22, 2012** |

## COMPLAINT

## INTRODUCTION

1.      This is an action for money damages, costs, attorney's fees, and other relief as a result of Defendants' conduct undertaken to unlawfully interfere with Plaintiff's exercise of her right to medical leave, as well as for discrimination against Plaintiff on account of her disability and gender, failure to provide reasonable accommodation for Plaintiff's disability, and failure to compensate Plaintiff for commissions lawfully owed to her.

2.      Plaintiff brings this action under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.*, and Conn. Gen. Stat. § 31-72.

## PARTIES

3.      Plaintiff, Yaldez Abdel-Samed, is a female presently residing in Newington, Connecticut. Plaintiff is an eligible employee as that term is defined in 29 U.S.C. § 2611(2). Plaintiff is also entitled to the protection of the ADA, as she can satisfy the requirements of 42

U.S.C. § 12102(1), in that she has a physical or mental impairment that substantially limits one or more major life activities, or she has a record of such an impairment, or Defendants regarded her as having such an impairment.  Plaintiff is also physically disabled within the meaning of Conn. Gen. Stat. § 46a-51(15), in that she suffers from a chronic physical handicap, infirmity, or impairment and/or Defendants perceived her as suffering from such a handicap, infirmity, or impairment.

4.      Defendant, ING Life Insurance and Annuity Company is a Connecticut corporation doing business within the State of Connecticut, with an office located at One Orange Way, Windsor, Connecticut 06095.  Defendant ING Life Insurance and Annuity Company employs more than one hundred (100) employees and it is an employer subject to the ADA, FMLA, ERISA, Title VII, CFEPA, and Conn. Gen. Stat. § 31-72.  Defendant ING Life Insurance and Annuity Company is also a person within the meaning of 29 U.S.C. § 1140.

5.      Defendant, ING Financial Partners, Inc., is a Delaware corporation with a principal office located in Des Moines, Iowa. Defendant ING Financial Partners, Inc., also maintains a place of business at One Orange Way, Windsor, Connecticut 06095.  Defendant ING Financial Partners, Inc. employs more than one hundred (100) employees and it is an employer subject to the ADA, FMLA, ERISA, Title VII, CFEPA, and Conn. Gen. Stat. § 31-72. Defendant ING Financial Partners, Inc. is also a person within the meaning of 29 U.S.C. § 1140.

**JURISDICTION**

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it presents a federal question under 29 U.S.C. § 2601 *et seq.*, 29 U.S.C. § 1001 *et seq.*, 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 2000e *et seq.*

7.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's statutory claims under Connecticut law.

**BACKGROUND**

8.      At all times relevant to this Complaint, Plaintiff was employed by Defendants as a Retirement/Transition Counselor. Plaintiff was employed by Defendants in that capacity from July 12, 2010 until August 24, 2011, when Plaintiff was terminated.

9.      Plaintiff suffers from a chronic neurological condition, the symptoms of which include demyelination, arthralgia, nerve palsies, fatigue, fevers, loss of feeling in extremities and other body parts, muscle weakness, reduced energy level, and headaches.

10.     During Plaintiff's employment with Defendants, Plaintiff reported to Nancy Gathers.

11.     At all times during Plaintiff's employment, Plaintiff was qualified for her job.

12.     During Plaintiff's employment, Plaintiff suffered from neurological symptoms at the workplace and had numerous discussions with Ms. Gathers regarding the details concerning Plaintiff's medical condition, including the testing and treatment protocols and procedures Plaintiff was undergoing.  Defendants, therefore, had knowledge of Plaintiff's disability and serious health condition.

13.     In early July of 2011, Plaintiff informed Ms. Gathers that she was expecting to take a lengthy medical leave of absence for further testing and treatment at an out of state medical facility, and specifically mentioned that she would need to file for short term disability.

14.     Shortly after Plaintiff informed Ms. Gathers of her intended medical leave of absence, and describing the severity of her condition, Defendants began subjecting Plaintiff to hyper-scrutiny and hyper-criticism.

3

15.     On July 20, 2011, without prior advisement, counseling, or warning, Plaintiff was placed on a Final Written Warning for her activity concerning a transaction that Ms. Gathers had specifically approved.

16.     Additionally, on August 17, 2011, Plaintiff was once again disciplined for conduct that management had previously approved.

17.     Plaintiff was treated differently than similarly situated employees who were not "disabled" within the meaning of the ADA or CFEPA, did not suffer from a serious health condition within the meaning of the FMLA, and/or were not female.

18.     Beginning on August 22, 2011, Plaintiff was absent from work due to her disability. Plaintiff informed Ms. Gathers that she had just seen her physician and that she would not be able to return to work until she followed up with two physicians: her neurologist and an infectious disease specialist.

19.     On the morning of August 22, 2011, Plaintiff also spoke with a representative from Defendants' human resources department to inquire about aspects of Defendants' short term disability policy.

20.     On August 23, 2011, Plaintiff informed Ms. Gathers that she was scheduled for appointments with the neurologist and infectious disease specialist on August 26, 2011.

21.     One day later, on August 24, 2011, while Plaintiff was still out on a medical leave of absence due to her disability, Defendants terminated Plaintiff's employment.

22.     Upon information and belief, Defendants assembled documents to support Plaintiff's termination on August 23, 2011.

23.     Because Defendants terminated Plaintiff's employment on August 24, 2011, Plaintiff was precluded from receiving short term disability benefits under the terms of Defendants' short term disability plan.

24.     In connection with the termination of Plaintiff's employment, Defendants also made false accusations against Plaintiff on Plaintiff's U-5, a document filed with the relevant regulatory authority in the financial services industry, FINRA.

25.     Defendants have a pattern and practice of discriminating against female employees.  Upon information and belief, only two of the approximately sixty employees in Plaintiff's former department are female.

26.     On or about October 21, 2011, Plaintiff filed a charge of discrimination on the basis of disability and sex with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Plaintiff's complaint was designated CHRO No. 1210138. Plaintiff's complaint at the CHRO was also filed with the Equal Employment Opportunity Commission ("EEOC"), where it was designated EEOC No. 16A-2012-00095.

27.     On or about May 30, 2012, Plaintiff requested a release of jurisdiction from the CHRO, which was granted. On that same date, Plaintiff also requested a right to sue letter from the EEOC, which was granted. Accordingly, Plaintiff has satisfied all administrative prerequisites for the filing of this action.


**COUNT ONE:**     **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq.* (AS TO BOTH DEFENDANTS)**

28.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

29.     Defendants' conduct violated Plaintiff's rights under the FMLA, 29 U.S.C. § 2601 *et seq.*

30.     Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2611(2).

31.     Plaintiff suffered from a serious health condition within the meaning of 29 U.S.C. § 2611(11).

32.     Defendants had knowledge of Plaintiff's serious health condition.

33.     Plaintiff was entitled to leave because of her serious health condition pursuant to 29 U.S.C. § 2612.

34.     Defendants unlawfully interfered with, restrained, or denied the exercise of or the attempt to exercise, Plaintiff's rights to leave in violation of 29 U.S.C. § 2615(a)(1).

35.     Defendants also unlawfully discharged and discriminated against Plaintiff because she sought to exercise her rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2).

36.     Defendants' conduct was willful.

37.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages, including, but not limited to, compensatory damages, economic damages, emotional distress, and loss of enjoyment of life.

38.     As a further result of Defendants' unlawful conduct, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.

39.     Plaintiff is also entitled to liquidated damages as a result of Defendants' conduct.

**COUNT TWO:**      **UNLAWFUL INTERFERENCE WITH PROTECTED RIGHTS IN VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT, 29 U.S.C. § 1001** *et seq.* **(AS TO BOTH DEFENDANTS)**

40.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

41.     Defendants' short term disability policy is an employee benefit plan, as defined under 29 U.S.C. § 1002(3), and Plaintiff was a beneficiary under said plan.

42.     Defendants terminated Plaintiff's employment for the purpose of interfering with Plaintiff's ability to attain short term disability under Defendants' short term disability policy.

43.     Defendants' conduct in terminating Plaintiff's employment was undertaken with the express purpose of preventing or depriving Plaintiff of the exercise of her rights under Defendants' short term disability policy.

44.     Accordingly, Defendants' conduct in terminating Plaintiff's employments to prevent her from exercising her rights under Defendants' short term disability policy constitutes a violation of Plaintiff's rights under ERISA, 29 U.S.C. § 1140.

45.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to appropriate equitable relief under 29 U.S.C. § 1132(a)(3), including, but not limited to, reinstatement and/or front pay.

46.     As a further result of Defendants' unlawful interference with Plaintiff's rights, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.

**COUNT THREE :     DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. § 12101 *et seq.* (AS TO BOTH DEFENDANTS)**

47.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

48.     Based on the foregoing, Defendants discriminated against Plaintiff because of her disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*

49.     Plaintiff suffered from a disability within the meaning of the ADA, as amended.

50.     Defendants had knowledge of Plaintiff's disability.

51.     Defendants took adverse action against Plaintiff because of her disability, including, but not limited to subjecting her to unwarranted discipline, and terminating her employment.

52.     Defendants also violated Plaintiff's rights under the ADA by failing to reasonably accommodate Plaintiff's disability.

53.     Defendants' conduct was intentional and/or undertaken with reckless disregard for Plaintiff's rights.

54.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages, including, but not limited to compensatory damages, economic damages, emotional distress, and loss of enjoyment of life.

55.     As a further result of Defendants' unlawful interference with Plaintiff's rights, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.

56.     Plaintiff is also entitled to punitive damages.


**COUNT FOUR:**          **DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46a-60 (AS TO BOTH DEFENDANTS)**

57.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

58.     Based on the foregoing, Defendants discriminated against Plaintiff based on her disability in violation of CFEPA, Conn. Gen. Stat. § 46a-60 *et seq*.

59.     Plaintiff suffered from a disability within the meaning of the CFEPA.

60.     Defendants had knowledge of Plaintiff's disability.

61.    Defendants took adverse action against Plaintiff because of her disability, including, but not limited to subjecting her to unwarranted discipline, and terminating her employment.

62.    Defendants also violated Plaintiff's rights under the CFEPA by failing to reasonably accommodate Plaintiff's disability.

63.    Defendants' conduct was intentional in that it was willful, wanton, and taken with reckless disregard for Plaintiff's rights.

64.    As a result of Defendants' unlawful conduct, Plaintiff has suffered damages, including, but not limited to compensatory damages, economic damages, emotional distress, and loss of enjoyment of life.

65.    As a further result of Defendants' unlawful interference with Plaintiff's rights, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.

66.    Plaintiff is also entitled to punitive damages.


**COUNT FIVE:**          **DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq*. (AS TO BOTH DEFENDANTS)**

67.    Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

68.    Based on the foregoing, Defendants discriminated against Plaintiff based on her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq*.

69.    Defendants' conduct was intentional and/or undertaken with reckless disregard for Plaintiff's rights.

70.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages, including, but not limited to compensatory damages, economic damages, emotional distress, and loss of enjoyment of life.

71.     As a further result of Defendants' unlawful interference with Plaintiff's rights, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.'

72.     Plaintiff is also entitled to punitive damages.

**COUNT SIX:**        **DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46a-60 (AS TO BOTH DEFENDANTS)**

73.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

74.     Based on the foregoing, Defendants discriminated against Plaintiff based on her sex in violation of CFEPA, Conn. Gen. Stat. § 46a-60 *et seq.*

75.     Defendants' conduct was intentional in that it was willful, wanton, and taken with reckless disregard for Plaintiff's rights.

76.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages, including, but not limited to compensatory damages, economic damages, emotional distress, and loss of enjoyment of life.

77.     As a further result of Defendants' unlawful interference with Plaintiff's rights, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.

78.     Plaintiff is also entitled to punitive damages.

**COUNT SEVEN:**     **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AS TO BOTH DEFENDANTS)**

79.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

80.     Defendants acted unreasonably during the termination process, and their conduct created an unreasonable risk of foreseeable emotional harm.

81.     Defendants concocted a scheme to justify terminating Plaintiff's employment, while they knew that Plaintiff was suffering from medical issues and would be seeking a medical leave of absence.

82.     Defendants terminated Plaintiff's employment for pretextual reasons, based on actions by Plaintiff that had previously been approved by management, and which were acceptable when engaged in by other employees.

83.     Defendants not only terminated Plaintiff's employment for pretextual reasons, but they made false accusations against Plaintiff in a document filed with FINRA.

84.     As a result of Defendants' conduct, Plaintiff has suffered damages, including, but not limited to compensatory damages, emotional distress, and loss of enjoyment of life.

85.     Plaintiff's damages were foreseeable consequences of Defendants' conduct during the termination process.


**COUNT EIGHT:**     **VIOLATION OF CONN. GEN. STAT. § 31-72 (AS TO BOTH DEFENDANTS)**

86.     Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above.

87.     Following the termination of Plaintiff's employment, Defendants ceased payment of earned commissions due to Plaintiff for work she performed while still employed by Defendants.

88.     Defendants' failure to pay earned and accrued commissions to Plaintiff for work she performed while still employed by Defendants constitutes a violation of Conn. Gen. Stat. § 31-72.

89.     Defendants' conduct in failing to pay accrued commissions lawfully owed to Plaintiff was willful.

90.     Defendants' conduct in failing to pay accrued commissions lawfully owed to Plaintiff was arbitrary, unreasonable, and in bad faith.

91.     As a result of Defendants' conduct in failing to pay accrued commissions Plaintiff was lawfully owed, Plaintiff has suffered damages, including economic damages.

92.     As a further result of Defendants' conduct in failing to pay accrued commissions Plaintiff was lawfully owed, Plaintiff has incurred, and will continue to incur, attorney's fees and costs in pursuing this action.

93.     Plaintiff is also entitled to double damages for unpaid accrued commissions.


**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims judgment against Defendants and:

1.     Compensatory damages, including, but not limited to, economic damages, and damages as a result of emotional distress, humiliation, and embarrassment;

2.     Loss of enjoyment of life;

3.     Liquidated damages pursuant to 29 U.S.C. § 2617;

4.     Double damages pursuant to Conn. Gen. Stat. § 31-72;

5.     Back pay;

6.     Front pay and/or Reinstatement;

7.    Lost benefits;

8.    Punitive damages, as permitted by Federal and State statute;

9.    Interest;

10.   Attorney's fees and litigation costs, as permitted by Federal and State statute; and

11.   Such other relief in equity or law that may pertain

## JURY DEMAND

Plaintiff hereby claims a trial by jury.

PLAINTIFF,  YALDEZ ABDEL-SAMED

By: _____
Todd D. Steigman (ct26875)
Justin E Theriault (ct28568)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106-1764
Tel: (860) 246-2466  Fax: (860) 246-1794
tsteigman@mppjustice.com
jtheriault@mppjustice.com