UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

YALDEZ ABDEL-SAMED,          :
                             :
        Plaintiff,           :
                             :
        v.                   :     CASE NO. 3:12CV925(RNC)
                             :
ING LIFE INSURANCE AND       :
ANNUITY COMPANY et al.,      :
                             :
        Defendants.          :


RULING ON MOTION TO COMPEL

     Pending before the court is defendant's Motion to Compel
Discovery.  (Doc. #62.)   Plaintiff objects to discovery of her
fee agreement with her attorney and her 2009 tax returns on
grounds of relevance.  A motion to compel is entrusted to the
sound discretion of the district court.  In re Fitch, Inc., 330
F.3d 104, 108 (2d Cir. 2003).  Following oral argument on April
17, 2013, the court rules as follows:

     1.  Defendants' request for plaintiff's attorney fee
agreement is DENIED without prejudice.  In 2010, the Supreme
Court reaffirmed its holding that federal courts must calculate
an award of attorney's fees under the lodestar approach, i.e.,
as the number of hours worked multiplied by the prevailing
hourly rates.  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542,
130 S. Ct. 1662, 1669 (2010).  A pre-existing fee agreement is

arguably relevant to the court's determination of the prevailing hourly rate, which depends in part on counsel's relative experience and skill.  See Blanchard v. Bergeron, 489 U.S. 87, 93 (1989) (private fee agreement "may aid in determining" reasonable fee for lodestar calculation); Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005) (lodestar calculation requires "case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel"); Milde v. Housing Authority of Town of Greenwich, No. 3:00CV2423(AVC), 2006 WL 6908276, at *9 (D. Conn. Dec. 20, 2006) (fee agreement was one of several factors demonstrating counsel's relative lack of experience and skill). See also Valley Housing Ltd. Partnership v. City of Derby, No. 3:06CV1319(TLM)(HBF), 2011 WL 6258310, at *1 (D. Conn. Dec. 15, 2011) (whether fee is fixed or contingent is not relevant post-Perdue but hourly rate is arguably relevant).

    Notwithstanding the potential relevance of a fee agreement to a post-trial application for fees, it has no bearing on liability.  As this case is still in the pre-trial phase, defendants' request for plaintiff's attorney fee agreement is premature.  The motion is denied without prejudice to refiling in the event that plaintiff prevails at trial and files an application for attorney's fees.

2.   Defendants' request for plaintiff's state and federal income tax returns from 2009 is GRANTED.

SO ORDERED at Hartford, Connecticut this 10th day of May, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge